**FOR PUBLICATION**

```
                IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS & ST. JOHN


                                      )
In re:                                )
                                      )     Civil No. 2008-44
JEFFREY J. PROSSER                    )
                                      )     Chapter 7
             Debtor.                  )     Case No. 06-30009 (JKF)
_____)
```

**ATTORNEYS:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
    L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
    L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 2

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC,*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the appeal of the debtor-appellant, Jeffrey J. Prosser ("Prosser"), of the Bankruptcy Division's March 20, 2008, order entitled "Order Regarding Objections to Debtor's Claimed Exemptions and Granting Related Relief."

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this matter in *In re Prosser*, Civ. No. 2007-156, 2008 U.S. Dist. LEXIS 44654 (D.V.I. June 6, 2008) and *Prosser v. Springel*, Civ. Nos. 2008-16 and 2008-18, 2008 U.S. Dist. LEXIS 44655 (D.V.I. June 6,

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 3

2008)[1], the Court recites only those facts pertinent to its analysis in this particular appeal.

On January 11, 2008, Prosser claimed certain exemptions in his Amended Bankruptcy Schedules in the Chapter 11 and Chapter 7 proceedings before the Bankruptcy Division. The Chapter 11 and Chapter 7 trustees as well as certain creditors of the bankruptcy estate filed objections to Prosser's exemptions.

On February 28, 2008, the Bankruptcy Division held a hearing on the exemptions. The Bankruptcy Division's ruling was reduced to an order on March 20, 2008 (the "Exemptions Order"). In the Exemptions Order, the Bankruptcy Division sustained objections to the following claimed exemptions: (1) Prosser's interest in Alexander Povivic frescos; (2) jewelry, including but not limited to rings, necklaces, bracelets, cufflinks, and wristwatches; (3) Prosser's interest in wines, champagne, liquors, and other spirits; (4) Prosser's interest in the real property known as 45 or 89 Victor Herbert Road, Lake Placid, New York; and (5) certain apparel. The Bankruptcy Division also scheduled an evidentiary hearing on the remaining exemptions.

On March 21, 2008, Prosser filed a motion for a stay pending

---

[1] *See also In re Innovative Commun. Co.*, Civ. Nos. 2007-105, 2007-106 and 2007-156, 2008 U.S. Dist. LEXIS 43986 (D.V.I. June 3, 2008); *In re Innovative Commun. Co., LLC*, Civ. Nos. 2007-105 and 2007-106, 2008 U.S. Dist. LEXIS 42699 (D.V.I. June 2, 2008).

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 4

appeal of the Exemptions Order. On March 24, 2008, the Bankruptcy Division entered an "Order Granting in Part and Denying in Part the Motion for Stay Pending Appeal, Amending in Part Order of March 20, 2008 and Scheduling Hearing" ("Modified Exemptions Order"). The Modified Exemptions Order permitted Prosser additional time to inventory and turnover his non-exempt apparel. Prosser now appeals the Exemptions Order.

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a) (2005).[2]

"An order on an objection to a debtor's claim of exemption is a final, appealable order." *Johnston v. Hazlett* (*In re Johnston*), No. 98-8007, 1998 Bankr. LEXIS 953, at *2 (6th Cir. Aug. 6, 1998). "Appellate courts generally apply the 'clearly erroneous' standard to findings of fact and de novo review to conclusions of law." *Sacharko v. Geremia* (*In re Sacharko*), No. 06-032, 2007 Bankr. LEXIS 735, at * 3 (1st Cir. Jan. 17, 2007) (citations omitted).

---

[2] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 5

"A debtor's entitlement to a bankruptcy exemption most often involves a legal question and is reviewed *de novo*, except where facts are in dispute." *Id.* If facts are in dispute, Bankruptcy Rule 8013 sets forth the standard of review, stating that "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013; *Williams v. Bank One Cleveland, NA* (*In re Dyac Corp.*), Civ. No. 93-2301, 1994 U.S. Dist. LEXIS 2611, at *5 (Bankr. N.D. Ohio Feb. 25, 1994). "An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Nischwitz v. Miskovic* (*In re Airspect Air, Inc.*), 385 F.3d 915, 920 (6th Cir. 2004).

### III. ANALYSIS

Prosser alleges that certain jewelry and property are exempt.[3]

---

[3] Prosser also challenges the Bankruptcy Division's findings regarding the frescos. The March 24, 2008, order, however stays enforcement of the March 20, 2008, order with respect to the frescos. The record reflects that the Bankruptcy Division has scheduled a hearing on the frescos. As such, Prosser's appeal is unripe with respect to the frescos.

Prosser also argues that the Bankruptcy Division erred by requiring him to turn over certain apparel without making a factual determination as to the value of such apparel. Prosser

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 6

Pursuant to 11 U.S.C. § 522, a debtor may elect to exempt certain property from the estate. Section 522(b) provides that a debtor may elect to exempt from property of the estate either property listed in § 522(d), to the extent there is no conflict with state law, or any property that is exempt under other federal, state or local law. *See* 11 U.S.C. 522(b); *In re Arevalo*, No. 91-22616, 1992 Bankr. LEXIS 1019, at *5 n.2 (D.N.J. July 7, 1992).

Bankruptcy Rule 4003 provides that a debtor shall make his Section 522 claims of exemption known by listing the property claimed as exempt on the required schedule of assets. *See* Fed. R. Bankr. P. 4003(a). "Exemptions claimed by the debtor are

---

claimed an exemption for necessary wearing apparel, stating as a basis Title 5, Section 479(a)(1) of the Virgin Islands Code. That provision of Virgin Islands law states that an exemption is allowable only for "[n]ecessary wearing apparel owned by any person for the use of himself or his family." V.I. CODE ANN. tit. 5, § 479(a)(1). In other words, that provision requires a finding of necessariness.

At the February 28, 2008, hearing, the Bankruptcy judge allowed Prosser to retain a limited number of articles of apparel but explicitly declined to rule on what constitutes necessary wearing apparel, stating that a hearing would later be held on that issue. (*See* Hr'g Tr. 109:8-23, Feb. 28, 2008.) Because the Bankruptcy judge made no finding of necessariness under Title 5, Section 479(a)(1), however, the record is insufficient for this Court's review. Furthermore, the Exemptions Order states that the ruling, to the extent it authorizes Prosser to retain those articles of apparel, is "provisional" and "subject to further Order of the Court." As a consequence, the portion of the Exemptions Order relating to necessary wearing apparel is likewise unripe for review.

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 7

presumed valid until proven otherwise." *Cadle Co. v. Friedheim (In re Friedheim)*, Civ. No, 07-181, 2007 U.S. Dist. LEXIS 59467, at *8 (N.D. Tex. Aug. 14, 2007) (citation omitted). The objecting party has the burden of proving that the exemptions are not properly claimed. *See* Fed. R. Bankr. P. 4003(c); *Jenkins v. Hodes (In re Hodes)*, 402 F.3d 1005, 1010 (10th Cir. 2005). To overcome the presumption of exemption, the objecting party must show by a preponderance of the evidence that the claimed exemption is improper. *In re Hodes*, 402 F.3d at 1010 (citing *In re Sims*, Case No. 98-02382-M, 1999 Bankr. LEXIS 1503, at *2 (Bankr. N.D. Okla. Nov. 23, 1999)). Moreover, a court may, but is not required to, conduct a hearing on exemptions and objections. *See In re Yonikus*, 996 F.2d 866, 873 (7th Cir. 1993) (explaining that Rule 4003(c) of the Bankruptcy Code "clearly permits, but does not require, a hearing").

Prosser argues that the Bankruptcy Division erred when it determined that certain pieces of jewelry that Prosser had designated as exempt, were not exempt.[4] To overcome the presumptive validity of that claimed exemption, the objecting parties sought to meet their burden of proof by relying on Virgin Islands law. The law on which the objecting parties relied, Title 5, Section 479(a)(1) of the Virgin Islands Code, lists

---

[4] The record does not reflect the statutory basis on which Prosser claimed an exemption for his jewelry.

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 8

certain property as exempt. Significantly, that provision, in pertinent part, provides that "*jewelry shall not be exempt* by virtue of this subdivision." V.I. CODE ANN. tit. 5, § 479(a)(1) (emphasis supplied). Because Virgin Islands law explicitly prohibits an exemption for jewelry, the objecting parties met their burden of showing by preponderate evidence that Prosser's claimed exemption for his jewelry was improper. The Court is unaware of any statute or other authority that exempts jewelry. Moreover, Prosser has provided no authority for such an exemption. Accordingly, the Bankruptcy Division did not abuse its discretion in finding that the jewelry was not exempt.

Prosser also asserts that the Bankruptcy Division erred by finding certain real property non-exempt and subject to sale. The Bankruptcy Division found property known as 45 or 89 Victor Herbert Road, Lake Placid, New York (the "Lake Placid Property") to be property of Prosser's estate and non-exempt. Prosser stated as a basis for this exemption 11 U.S.C. 522(b)(3)(B), which provides that exempt property includes

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

To meet their burden of showing by preponderate evidence that an exemption for the Lake Placid Property was improper, the

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 9

objecting parties argued before the Bankruptcy Division that New York law applies to that property. The objecting parties further argued that under New York law, a tenancy by the entirety is not immune from process to satisfy a judgment against one spouse. The objecting parties relied on New York statutory and case law to meet their burden.

"A debtor who chooses to use the general exemptions may claim an exemption in 'any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law.'" *In re Brannon*, 476 F.3d 170, 174-75 (3d Cir. 2007) (quoting 11 U.S.C. § 522(b)(3)(B)). "In considering issues pertaining to exemptions of real property, the applicable state law is the law of the state in which the property is located." *Kaplan v. First Options of Chicago*, Civ. Nos. 93-6401, 93-6402, 93-6622, 1995 U.S. Dist. LEXIS 17057, *25-26 (E.D. Pa. Nov. 6, 1995) (citations omitted); *see also In re Zolnierowicz*, No. 8:06-bk-1928-PMG, 2007 Bankr. LEXIS 4377 (Bankr. M.D. Fla. Mar. 28, 2007); *In re Cochrane*, No. 3-93-2056, 1995 Bankr. LEXIS 367, at *1020 (Bankr. D. Minn. Jan. 30, 1995) ("[T]he situs of the asset that is held by a debtor in bankruptcy as a tenant by the entireties is the sole determinant of whether § 522(b)(2)(B) can protect it from the claims of the bankruptcy estate.").

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 10

In this matter, because the Lake Placid Property is located in New York, the law of that state applies. Under New York law, "the interest of a tenant by the entirety is not exempt from sale and enforcement by execution." *In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989) (concluding that a debtor's interests "are not exempt from process under New York law" and that "[t]he sale of the entire interest in the tenancy by the entirety is plainly authorized by the statutory language"); *see also In re Levenhar*, No. 181-11670-21, 1982 Bankr. LEXIS 3075, at *14-15 (Bankr. E.D.N.Y. Oct. 26, 1982) (explaining that "[i]n New York, . . . the interest of a tenant by the entirety is subject to the lien of a judgment and may be sold under execution") (citing *Rothschild v. Lincoln Rochester Trust Co.*, 212 F.2d 584, 585 (2d Cir. 1954)).

Because New York law applies to the Lake Placid Property and because New York law provides that real property held in tenancy by the entirety is not exempt from process, the objecting parties met their burden of demonstrating that Prosser was not entitled to an exemption for the Lake Placid Property.[5] Accordingly, the

---

[5] In his appeal, Prosser relies in part on the decision of the bankruptcy division of the United States District Court for the Eastern District of New York in *In re Persky*, Nos. 185-51219-352, 185-51446-352, 1991 Bankr. LEXIS 1805 (Bankr. E.D.N.Y. Dec. 3, 1991), for the proposition that "real property held by a debtor and a nondebtor spouse as tenants by the entirety is not subject to sale . . . ." (Br. of Appellant at 15.) That reliance is misplaced. Other New York courts have

*In re: Jeffrey J. Prosser*
Civil No. 2008-44
Memorandum Opinion
Page 11

Court finds that the Bankruptcy Division did not abuse its discretion in this respect.

### IV. CONCLUSION

For the reasons given above, the Court will affirm the Bankruptcy Division's March 20, 2008, order. An appropriate order follows.

            S\_____
              **CURTIS V. GÓMEZ**
                **Chief Judge**

---

explicitly disavowed the holding of that case. *See*, *e.g.*, *Sapir v. Sartorius*, Civ. No. 98-4349, 1999 U.S. Dist. LEXIS 2301, at *13-14 (S.D.N.Y. Feb. 24, 1999) (noting that the decision of the bankruptcy court in *In re Persky* "is rarely cited and never, to the best of this Court's knowledge, followed for the proposition that property owned by the entireties is not subject to sale" and that "numerous cases decided in [the Second] Circuit and elsewhere . . . have continued to . . . authorize the sale of property owned as tenants by the entireties") (citations omitted). Moreover, the very clear directive of the Court of Appeals for the Second Circuit that a debtor's interest in property held in tenancy by the entirety is subject to process, provides more persuasive guidance. *See In re Persky*, 893 F.2d at 19.